THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| CARI ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF UTAH,<br><br>    Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00789-TS-JCB<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

  This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are: (1) pro se Plaintiff Cari Allen's ("Ms. Allen") complaint[2] and (2) Ms. Allen's motion for "immediate life and death order."[3] Ms. Allen has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[4] Accordingly, the court reviews the sufficiency of Ms. Allen's complaint under the authority of the IFP Statute. Based upon the analysis set forth below, the court recommends that District Judge Ted Stewart: (1) dismiss this action with prejudice and (2) deny Ms. Allen's motion as moot.

---

[1] ECF No. 10.

[2] ECF No. 2.

[3] ECF No. 8.

[4] ECF No. 6.

## BACKGROUND

Ms. Allen's complaint is extremely disjointed and confusing. It is captioned as "Emergency Request for Order for Mike Strand's Address" and names as Defendant the State of Utah.[5] Ms. Allen contends that "[she] was told that [her] domestic partner . . . died on February 20, 2022 [and] on March 1, 2022, the state activated his Medicare under a plan they manage, and it is active today. If it is active, he is alive!"[6] Plaintiff asserts that the State of Utah "kidnapped [Mike Strand] ("Mr. Strand")"[7] when he was "taken against our will to Lakeview Hospital" and later to the University of Utah Hospital.[8] Ms. Allen's complaint contains the following allegations in support of her claims:

- "[T]hey would not let me in to visit him and they did things to him that almost killed him."[9]

- "University of Utah . . . said that [Mr. Strand] was a [c]hronic [m]eth [u]ser when his blood work was negative his whole life he never used drugs and he suffered so much pain and abuse and I could not get any information and I thought he gave up."[10]

- "They said he died and I believed them. And at this late time after he was tortured and held against his will I [found] evidence that he is alive and that he has suffered unimaginable abuse kidnapped to a facility placed there by the State of Utah."[11]

- "This is a civil rights case, violations of fundamental fair housing rights, violation of anti-discrimination laws and it was all done to us under the color of authority

---

[5] ECF No. 2.

[6] *Id.* at 1.

[7] *Id.*

[8] *Id.* at 4.

[9] *Id.*

[10] *Id.*

[11] *Id.*

    which started as an unlawful housing displacement project of the State of Utah . . . ."[12]

 Based on these and other similar allegations, Ms. Allen requests that the court:

    "[E]nter the order and get Utah Medicaid to provide their [i]nsurance records of [Mr. Strand] on the policy they activated the week after they told me he died. They have him and his Medicare Insurance that is active from a plan that they managed proves he is alive and I [just] need the address. I can't take it much longer and I am afraid that [Mr. Strand] and Iggy are going to die if I can't [rescue] them today. It's almost been a year that they have had him."[13]

 Although Ms. Allen was ordered not to file any motions or other documents during the time this case is screened under the IFP Statute, Ms. Allen filed an "Emergency Motion for Immediate Life and Death Order"[14] on January 13, 2023. Therein, she lists as Defendant "Current Healthcare Providers and the Medical Facility That Has Full Custody of Michael William Strand."[15] It appears that this motion is duplicative of the relief requested in her complaint. Ms. Allen states that "the hospital records reflect they faked his death, [Mr. Strand] was abducted from his medical POA and she needs an order telling everyone to tell her where he is."[16] Ms. Allen states that she is "his medical POA"[17] and is "entitled to" [Mr. Strand's] medical information "as a matter of law."[18] To the motion, Ms. Allen attached a "Durable Power of

---

[12] *Id.*

[13] *Id.* at 5.

[14] ECF No. 8.

[15] *Id.* at 1.

[16] *Id.*

[17] *Id.* at 2.

[18] *Id.*

Attorney"[19] which appears to have been altered by Ms. Allen, Mr. Strand's medical records from University of Utah Hospital,[20] and a Certificate of Death for Mr. Strand,[21] which Ms. Allen contends is "contradicted by the medical records."[22] Therefore, Ms. Allen requests "an order for protection for the whole life of [Mr. Strand] [and] immediate release of custody."[23]

## LEGAL STANDARDS

To review Ms. Allen's complaint under the authority of the IFP Statute, this court must consider two legal standards. First, the court considers the law pertaining to failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6). Second, the court considers the legal standards relating to frivolous claims. Each legal standard is set forth below.

### I. Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[24] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[25] Under that standard, the court "look[s] for plausibility in th[e] complaint."[26] More

---

[19] *Id.* at 3.

[20] *Id.* at 5–23.

[21] *Id.* at 22.

[22] *Id.*

[23] *Id.* at 2.

[24] 28 U.S.C. § 1915(e)(2)(B)(ii).

[25] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[26] *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

4

specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[27]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[28] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[29] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[30] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[31] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[32] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[33]

---

[27] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[28] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[29] Fed. R. Civ. P. 8(a)(2).

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted) (alteration in original).

[31] *Id.*

[32] *Twombly*, 550 U.S. at 555.

[33] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

In analyzing Ms. Allen's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[34] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[35] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[36] Indeed, as the Court of Appeals for the Tenth Circuit stated,[37]

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[38]

---

[34] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[35] *Bellmon*, 935 F.2d at 1110.

[36] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[37] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[38] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

## II.  Frivolousness

The IFP Statute also permits the court to dismiss a plaintiff's complaint if its allegations are frivolous.[39] As to frivolousness under the IFP Statute, the United States Supreme Court has stated that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[40] In fact, the court said that the IFP Statute:

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios . . . .[41]

### ANALYSIS

As noted above, before the court are: (1) the review of Ms. Allen's complaint[42] under the authority of the IFP Statute and (2) Ms. Allen's motion for "immediate life and death order."[43] The court will address these matters in turn. Based upon the following analysis, the court

---

[39] 28 U.S.C. § 1915(e)(2)(B)(i) (providing that under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous").

[40] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[41] *Id.* at 327-28; *see also Hall v. Bellmon*, 935 F.2d 1106, 1108-10 (10th Cir. 1991).

[42] ECF No. 2.

[43] ECF No. 8.

recommends this action be dismissed with prejudice under the authority of the IFP Statute and that Ms. Allen's motion should be denied.

### III. Review of Ms. Allen's Complaint Under the IFP Statute.

Ms. Allen's complaint should be dismissed because: (A) it fails to state a claim upon which relief can be granted and (B) is frivolous. Each reason for dismissing the complaint is addressed in order below.

#### A. Ms. Allen's Complaint Fails to State Claims Upon Which Relief Can Be Granted.

After reviewing Ms. Allen's complaint, the court concludes that all the factual allegations therein are conclusory in nature, and therefore, fail to satisfy the minimum pleading standards required under Rule 8(a)(2) and Rule 12(b)(6). Ms. Allen fails to make any specific, intelligible allegations about Defendant's alleged actions. Instead, she makes only conclusory allegations that Mr. Strand was "kidnapped," "tortured" and "held against his will,"[44] devoid of any factual support or enhancement. Ms. Allen's claim for "right to visit [Mr. Strand] my family in hospital and POA rights violated, and I have evidence he is alive"[45] is not a recognized cause of action and, therefore, must fail. In fact, the court hereby takes judicial notice[46] of Mr. Strand's death

---

[44] ECF No. 2 at 4.

[45] ECF No. 2-1.

[46] The court recognizes that in the analysis under Rule 12(b)(6), which the court employs in this case, the general rule is that a court considers only the contents of the complaint. *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). However, the court may consider matters outside of the complaint that are subject to judicial notice, such as public records. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Berneike*, 708 F.3d at 1146; *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

certificate, attached to Ms. Allen's motion[47] which demonstrates that Ms. Allen's complaint is meritless. Finally, despite Ms. Allen's naked assertion that "this is a civil rights case, violations of fundamental fair housing rights, [and] violation of anti-discrimination laws,"[48] Ms. Allen has failed to provide any factual allegations supporting these claims. Although the court sympathizes with Ms. Allen's loss of a loved one, even under a liberal reading of Ms. Allen's complaint, Ms. Allen has failed to state claims upon which relief can be granted.

Having reached that conclusion, the court again recognizes that it may dismiss Ms. Allen's complaint for failure to state claims upon which relief can be granted only if "it is obvious that [she] cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[49] The court concludes that it would be futile to provide Ms. Allen with an opportunity to amend her complaint because, given the analysis set forth above, Ms. Allen could not provide any additional, plausible allegations that would save any of her claims from dismissal.

B. <u>Ms. Allen's Complaint is Frivolous.</u>

The court also concludes that Ms. Allen's complaint is frivolous. As noted above, the IFP Statute's term "frivolous" includes complaints that contain "fanciful factual allegation[s],"[50] that "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[51] The term "frivolous" also includes complaints

---

[47] ECF No. 8 at 22.

[48] *Id.*

[49] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[50] *Neitzke,* 490 U.S. at 325.

[51] *Denton,* 504 U.S. at 33.

containing "claims of infringement of a legal interest which clearly does not exist."[52] Based upon the foregoing summary of Ms. Allen's complaint, the court concludes that it falls squarely within those two categories. Therefore, her complaint should be dismissed as frivolous under the IFP Statute.

IV.     **Ms. Allen's Motion Should Be Denied as Moot.**

Ms. Allen has filed a motion for "immediate life and death order."[53] This motion should be denied as moot because it is duplicative of the relief requested in her complaint. The court has already concluded that Ms. Allen's complaint should be dismissed because it fails to state a claim upon which relief can be granted and is frivolous. Further, the court has taken judicial notice of Mr. Strand's death certificate attached to Ms. Allen's motion.[54] Therefore, the court recommends Ms. Allen's motion be denied as moot.

### CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS that this action be DISMISSED WITH PREJUDICE. IT IS FURTHER RECOMMENDED that Ms. Allen's motion for "immediate life and death order"[55] be DENIED AS MOOT. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[56] The parties must file any objections to this Report and Recommendation within 14 days after

---

[52] *Neitzke*, 490 U.S. at 327.
[53] ECF No. 8.
[54] *Id.* at 22.
[55] ECF No. 8.
[56] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

being served with a copy of it.[57] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 16th day of March 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[57] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).